UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PATRICK COLLIER

VERSUS

BP EXPLORATION &
PRODUCTION, INC., ET AL.

CIVIL ACTION

NO. 17-3131

SECTION "R" (5)

JUDITH TURNER

VERSUS

BP EXPLORATION &
PRODUCTION, INC., ET AL.

CIVIL ACTION

NO. 17-4614

SECTION "R" (2)

VICKEY MICHELLE TURNER

VERSUS

BP EXPLORATION &
PRODUCTION, INC., ET AL.

CIVIL ACTION

NO. 17-4616

SECTION "R" (1)

REGINALD EDWARD JOHNSON

VERSUS

BP EXPLORATION &
PRODUCTION, INC., ET AL.

CIVIL ACTION

NO. 17-4647

SECTION "R" (2)

## ORDER AND REASONS

Before the Court are motions for reconsideration filed by each of the above-

1

captioned plaintiffs.[1]   Defendants BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., (collectively, the "BP parties"), oppose plaintiffs' motions.[2]   For the following reasons, the Court denies plaintiffs' motions for reconsideration.

## I.    BACKGROUND

The plaintiffs in the above-captioned cases each filed lawsuits against defendants based on their alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico.[3]   Each plaintiff was allegedly involved in cleanup or recovery work after the oil spill, and each contends that his or her resulting exposure to crude oil and dispersants caused a litany of health conditions. [4]    Plaintiffs brought claims for maritime negligence against

---

[1]     *Collier*, No. 17-3131, R. Doc. 59; *Turner*, No. 17-4614, R. Doc. 52; *Turner*, No. 17-4616, R. Doc. 53; *Johnson*, No. 17-4647, R. Doc. 46.

[2]     The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' opposition to plaintiffs' motions for reconsideration.   *Collier*, No. 17-3131, R. Doc. 60 at 1 n.1; *Turner*, No. 17-4614, R. Doc. 53 at 1 n.1; *Turner*, No. 17-4616, R. Doc. 54 at 1 n.1; *Johnson*, No. 17-4647, R. Doc. 47 at 1 n.1.

[3]     *Collier*, No. 17-3131, R. Doc. 1; *Turner*, No. 17-4614, R. Doc. 1; *Turner*, No. 17-4616, R. Doc. 1; *Johnson*, No. 17-4647, R. Doc. 1.

[4]     *Collier*, No. 17-3131, R. Doc. 1-1 at 7-8; *Turner*, No. 17-4614, R. Doc. 1-1 at 10-11; *Turner*, No. 17-4616, R. Doc. 1-1 at 7-8; *Johnson*, No. 17-4647, R. Doc. 1-1 at 7-8.

defendants.[5]

In each case, the plaintiffs failed to timely disclose expert reports.[6]   After weighing the four factors considered in this Circuit in determining whether to exclude expert reports on the basis of timeliness, the Court concluded the plaintiffs' reports should be excluded.[7]   Because expert testimony is required to establish general causation in toxic tort cases, and plaintiffs' sole expert witness on the issue of general causation was excluded, this Court granted defendants' motions for summary judgment in each case.[8]

Plaintiffs now move under Federal Rule of Civil Procedure 59(e) for reconsideration of the Court's orders granting defendants' motions for summary judgment and excluding Dr. Cook's testimony.[9]   Each of plaintiffs' motions is substantively identical.   Plaintiffs contend that the Court erred (1) in granting summary judgment when the affidavit of Dr. Linda Birnbaum created a genuine issue of material fact, and (2) in excluding plaintiffs' expert reports on the basis of

---

[5]   *Collier*, No. 17-3131, R. Doc. 29 ¶¶ 19-49; *Turner*, No. 17-4614, R. Doc. 27 ¶¶ 19-49; *Turner*, No. 17-4616, R. Doc. 28 ¶¶ 19-49; *Johnson*, No. 17-4647, R. Doc. 17 ¶¶ 19-49.

[6]   *Collier*, No. 17-3131, R. Doc. 51; *Turner*, No. 17-4614, R. Doc. 45; *Turner*, No. 17-4616, R. Doc. 46; *Johnson*, No. 17-4647, R. Doc. 39.

[7]   *Collier*, No. 17-3131, R. Doc. 57; *Turner*, No. 17-4614, R. Doc. 50; *Turner*, No. 17-4616, R. Doc. 51; *Johnson*, No. 17-4647, R. Doc. 44.

[8]   *Id.*

[9]   *Collier*, No. 17-3131, R. Doc. 59; *Turner*, No. 17-4614, R. Doc. 52; *Turner*, No. 17-4616, R. Doc. 53; *Johnson*, No. 17-4647, R. Doc. 46.

timeliness because "the late submission . . . was the product of a clerical error, and . . . d[id] not propound any prejudice upon" defendants.[10]

In response, the BP parties contend that plaintiffs present no new evidence or argument; rather, they simply rehash the arguments the Court has already considered and rejected in contravention of Rule 59(e).[11]

The Court considers the motions below.

## II.   LEGAL STANDARD

A district court has "considerable discretion" under Rule 59(e).   *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).   That said, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."   *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).   "The Court must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts."   *Edward H. Bohlin Co.*, 6 F.3d at 355.

A motion to reconsider under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence."   *Matter*

---

[10]    *Id.*

[11]    *Collier*, No. 17-3131, R. Doc. 60 at 1; *Turner*, No. 17-4614, R. Doc. 53 at 1; *Turner*, No. 17-4616, R. Doc. 54 at 1; *Johnson*, No. 17-4647, R. Doc. 47 at 1.

*of Life Partner Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)).   Courts have held that the moving party must show that the motion is necessary based on at least one of the following criteria: (1) "correct[ing] manifest errors of law or fact upon which the judgment is based;" (2) "present[ing] newly discovered or previously unavailable evidence;" (3) "prevent[ing] manifest injustice," and (4) accommodating "an intervening change in the controlling law." *Fields v. Pool Offshore, Inc.*, No. 97-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998).

## III.   DISCUSSION

Plaintiffs do not address any rule 59(e) factors, and do not demonstrate any manifest errors of law or fact or present any new evidence.   In response to defendants' motions for summary judgment, plaintiffs plainly acknowledged that "[t]he production of expert reports, timely or not, would not change the ultimate outcome" because "the expert opinions contained in these reports have already been excluded in other cases and those cases were dismissed."[12]   Plaintiffs "merely request[ed] that the Court's ruling note for the record [that] the expert reports

---

[12]     *Collier*, No. 17-3131, R. Doc. 51; *Turner*, No. 17-4614, R. Doc. 45; *Turner*, No. 17-4616, R. Doc. 46; *Johnson*, No. 17-4647, R. Doc. 39.

were provided." [13]   Indeed, courts in this district, including this one, have repeatedly excluded the Cook report submitted by plaintiffs in hundreds of cases, consistently finding that it is inadmissible because it is unreliable and unhelpful under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).   *See, e.g., Carter v. BP Expl. & Prod., Inc.*, No. 17-3123, 2023 WL 7018420, at *7-9 (E.D. La. Oct. 25, 2023) (Vance, J.) (excluding Cook report as unreliable and unhelpful and noting that "this Court and others in this district have excluded this version of Dr. Cook's report for similar reasons"); *Spencer v. BP Expl. & Prod., Inc.*, No. 17-4253, 2023 WL 3737914, at *7-9 (E.D. La. May 31, 2023) (Vance, J.) (same); *Treme v. BP Expl. & Prod., Inc.*, No. 17-4269, 2023 WL 3737919, at *7-9 (E.D. La. May 31, 2023) (Vance, J.) (same); *see also Pennington v. BP Expl. & Prod., Inc.*, No. 17-4280, 2023 WL 6216572, at *2 (E.D. La. Sept. 25, 2023) (Zainey, J.) (noting that there is a "legion of cases in this district that have rejected Dr. Cook's various reports" and that "no judge has accepted any version of the reports in any B3 case"); *Walker v. BP Expl. & Prod., Inc.*, No. 17-3622, 2023 WL 4586748, at *3 n.27 (E.D. La. July 18, 2023) (Milazzo, J.) ("In over 300 cases, ten judges of this district have reviewed [a version of] Dr. Cook's report . . . and excluded [it] as unreliable and unhelpful.").

---

[13]      *Id.*

Now plaintiffs contend they are entitled to reconsideration of this Court's orders because the Court erred in granting summary judgment when the affidavit of Dr. Linda Birnbaum created a genuine issue of material fact, and in excluding plaintiffs' expert reports because "the late submission of general and specific causation reports was the product of a clerical error, and because such submission d[id] not propound any prejudice upon BP."[14]

Plaintiffs had the opportunity to advance the argument that Dr. Birnbaum's affidavit created a genuine issue of material fact in their oppositions to defendants' summary-judgment motions, but declined to do so.[15]   *See Fairley v. Wal-Mart Stores, Inc.*, No. 15-0462, 2016 WL 2992534, at *2 (E.D. La. May 24, 2016) ("[I]t is well-settled that motions for reconsideration should not be used to raise arguments that could, and should, have been made before entry of an order."). Further, like the Cook report, Dr. Birnbaum's affidavit has been considered and rejected in hundreds of cases by multiple judges in this district, including this one. *See, e.g., Anderson v. BP Expl. & Prod., Inc.,* No. 17-3024, 2023 WL 7018387, at *9 (E.D. La. Oct. 25, 2023) (Vance, J.) ("As other sections of this court have noted, Dr. Birnbaum's affidavit 'neither cures nor explains the deficiencies in [Dr. Cook's]

---

[14]   *Collier*, No. 17-3131, R. Doc. 59; *Turner*, No. 17-4614, R. Doc. 52; *Turner*, No. 17-4616, R. Doc. 53; *Johnson*, No. 17-4647, R. Doc. 46.

[15]   *Collier*, No. 17-3131, R. Doc. 51; *Turner*, No. 17-4614, R. Doc. 45; *Turner*, No. 17-4616, R. Doc. 46; *Johnson*, No. 17-4647, R. Doc. 39.

report.'" quoting *Griffin v. BP Expl. & Prod., Inc.*, No. 17-3244, 2023 WL 183894, at *5 (E.D. La. Jan. 13, 2023) (Ashe, J.)); *Robertson v. BP Expl. & Prod., Inc.,* No. 17-4573, 2023 WL 5293938, at *9 (E.D. La. Aug. 17, 2023) (Vance, J.) (same); *Brown v. BP Expl. & Prod., Inc.*, No. 17-3519, 2023 WL 4210026, at *9 (E.D. La. June 27, 2023) (Vance, J.) (same); *Ramey v. BP Expl. & Prod., Inc.,* 2023 WL 2430041, at *9 (E.D. La. Mar. 9, 2023) (Vance, J.) (same); *see also Pennington*, 2023 WL 6216572, at *2 (noting that Dr. Birnbaum "is not a medical doctor" and that "[t]his Court has previously rejected the Birnbaum affidavit (as have the other judges of this district) as being insufficient to overcome the obstacles with Dr. Cook's causation report"); *Williams v. BP Expl. & Prod., Inc.*, Nos. 17-3414 & 17-3637, 2023 WL 3316357, at *2 n.1 (E.D. La. Feb. 14, 2023) (Zainey, J.) ("[L]ike B3 plaintiffs before other judges in this district, the plaintiffs . . . have . . . attach[ed] to their oppositions an affidavit executed by Dr. Linda Birnbaum . . . For the same reasons that other judges were unmoved by these additions, this Court is likewise unpersuaded.").   Dr. Birnbaum's affidavit does not constitute new evidence justifying reconsideration under Rule 59(e).   *See Molina v. Equistar Chemicals LP*, 261 F. App'x 729, 733 (5th Cir. 2008) ("A party's 'unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration.'" (quoting *ICEE Distribs., Inc.*

*v. J & J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006))).

Plaintiffs likewise fail to establish that this Court's orders work a manifest injustice. While plaintiffs contend that their failure to timely submit expert reports was "the product of clerical error," they also acknowledge that the Court's decisions to grant summary judgment and exclude the Cook report on the basis of timeliness worked little prejudice to them, since the reports "would not change the ultimate outcome" and the "expert opinions contained in [plaintiffs'] reports have already been excluded in other cases and those cases were dismissed."[16] But granting reconsideration would result in prejudice to defendants, as it would delay the resolution of this matter and result in increased costs associated with litigation, including relitigating the motion for summary judgment that plaintiffs declined to meaningfully oppose at the appropriate time. *See Tucei v. BP Expl. & Prod., Inc.*, No. 22-78, 2023 WL 322497, at *2 (S.D. Miss. Jan. 19, 2023) (noting that while defendants are involved in "numerous other oil spill cases," delaying resolution and increasing cost associated with litigation still constitutes prejudice). Further, plaintiffs do not point to any intervening changes in controlling law. The Court finds no justification for providing plaintiffs with the "extraordinary remedy" of reconsideration under Rule 59(e). *Templet*, 367 F.3d at 479.

---

[16]    *Id.*

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs' motions for reconsideration are

DENIED.


New Orleans, Louisiana, this  10th  day of January, 2024.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE